UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEAUDRA CONRAD WILLIAMS, | No. 2:16-cv-3038 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, | |
| Defendant. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. <u>See</u> 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the complaint.

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Discussion

In his complaint, plaintiff alleges a laptop computer was stolen from one of defendant's employees and that the laptop contained "personal identifiable confidential medical information and protected health information" pertaining to plaintiff.  Plaintiff references a letter from

/////

/////

1  defendant informing plaintiff of a "potential breach" of his information on February 25, 2016,

2  when an unencrypted laptop was stolen from the vehicle of one of defendant's employees.[1]

3        First, plaintiff is required to establish standing for each claim he asserts. DaimlerChrysler

4  Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject

5  matter jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980)

6  ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to

7  determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff

8  to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally

9  protected interest which is both concrete and particularized and actual or imminent; (2) there must

10 be a causal connection between the injury and the conduct complained of; and (3) it must be

11 likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife,

12 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847

13 (9th Cir. 2001) (en banc). Here, plaintiff has not shown he has standing to sue because the

14 complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff.

15 Plaintiff alleges no actual misuse of his personal information stemming from the theft.

16       Second, defendant, as a California agency, is immune from suits for damages under the

17 Eleventh Amendment. Dittman v. California, 191 F.3d 1020, 1025-26 (1999).

18       Finally, the complaint fails to state a claim for relief under federal law. The Fourth

19 Amendment governs the reasonableness of government searches and seizures. Here, no

20 government search or seizure is alleged. The Due Process Clause of the Fourteenth Amendment

21 protects prisoners from being deprived of property without due process of law. Wolff v.

22 McDonnell, 418 U.S. 539, 556 (1974). However, "[i]t is well established that negligent conduct

23 is ordinarily not enough to state a claim alleging a denial of liberty or property under the

24 Fourteenth Amendment. See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014),

25 citing Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347

26 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of

---

[1] A copy of the letter may be found attached to the complaint in 2:16-cv-1537 JAM CKD P (ECF No. 1).

1  due care of an official causing unintended injury to life, liberty or property. In other words, where
2  a government official is merely negligent in causing the injury, no procedure for compensation is
3  constitutionally required.").

4  IV.  No Leave to Amend

5  If the court finds that a complaint should be dismissed for failure to state a claim, the court
6  has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-
7  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
8  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
9  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
10 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
11 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
12 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
13 that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.
14 Cato, 70 F.3d at 1005-06.

15 The undersigned finds that, as set forth above, plaintiff lacks standing, defendant is
16 immune from liability for monetary damages and plaintiff's allegations show only speculative
17 injury.  As it appears amendment would be futile, the undersigned will dismiss plaintiff's
18 complaint without leave to amend.

19 Accordingly, IT IS HEREBY ORDERED that:

20 1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted;

21 2. Plaintiff's complaint is dismissed without prejudice; and

22 3. This case closed.

23 Dated: March 22, 2017

_____
CAROLYN K. DELANY
UNITED STATES MAGISTRATE JUDGE

1
will3038.lptp

4